FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**May 18, 2022**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

  -vs-

ALBERTO PASTRANA,

        Defendant.

No.   1:22-CR-2058-SAB-1

ORDER SETTING PRETRIAL
DEADLINES AND TRIAL DATE

    **PLEASE TAKE NOTICE**, as indicated below, the jury trial and pretrial conference in the above captioned matter have been scheduled before Chief Judge Stanley A. Bastian. **Counsel for the defense shall notify the Defendant and ensure his attendance.**

    1.  All pretrial motions, including motions *in limine* and *Daubert* motions, shall be filed and served on or before **June 15, 2022**, and noted for hearing at the pretrial conference. Any response to a pretrial motion shall be filed and served in accordance with Local Rule 7.1.

    2.  **The Pretrial Conference is scheduled for July 6, 2022 at 9:00 a.m.** in Yakima, Washington. Counsel shall advise the Court regarding any dispositive change in the status of this case **at least five (5) days prior to the pretrial conference**.

    3.  All pretrial conferences are scheduled to last not more than **thirty (30) minutes**, which each side allotted **fifteen (15) minutes** to present their own motions and respond to motions filed by opposing counsel. If any party anticipates requiring longer than fifteen minutes, that party must notify the Courtroom Deputy at least **seven (7) days** prior to the

ORDER SETTING PRETRIAL
DEADLINES AND TRIAL DATE - 1

hearing. **Any party who fails to provide this notice will be limited to fifteen (15) minutes**.

4.  If a party files any motion that requires an evidentiary hearing and/or requires the Court to act as a finder of fact, that party must notify the Courtroom Deputy at **least fourteen (14) days** prior to the hearing. The parties will coordinate with the Courtroom Deputy to schedule an evidentiary hearing that provides enough time for the parties to present evidence, including witness testimony and exhibits. If the parties anticipate offering witness testimony, the parties shall file with the Court a witness list, together with a brief summary of the proposed testimony, at least **seven (7) days** prior to the hearing. If the parties anticipate offering or referring to exhibits during the hearing, the parties shall file with the Court a binder of the proposed exhibits, pre-marked for identification, at least **seven (7) days** prior to the hearing. The Government's exhibits shall be numbered 1 to 100; Defendant's exhibits shall be numbered 101 to 200. The parties are encouraged to file their exhibits jointly, so that the Court may quickly refer to all exhibits in one place.

5.  Any motion to continue the pre-trial conference or trial shall be filed at the earliest practicable opportunity, but no later than **seven (7) days prior to said proceeding**. Movant shall provide (1) specific and detailed reasons for the continuance to permit the Court to make the necessary findings; (2) if applicable, Defendant's signed Speedy Trial waiver; (3) the position of all co-Defendants and opposing counsel; and (4) the proposed new date. Additionally, any motions filed after the pretrial motion deadline will be considered at the pretrial conference.

6.  Continuances are not granted absent good cause.

7.  A defendant on pretrial release should expect to be placed into custody immediately after conviction or change of plea if the provisions of 18 U.S.C. § 3143(a)(2) apply.

8.  Trial briefs, proposed voir dire, jury instructions, verdict forms, exhibit lists, expert witness lists, and summaries of expert testimony shall be filed and served by all parties on or before **seven (7) calendar days prior to trial**. This does not modify the

ORDER SETTING PRETRIAL
DEADLINES AND TRIAL DATE - 2

parties' discovery obligations under Fed. R. Crim. P. 16. Absent an agreement between the parties or an Order from the Court, the parties' Fed. R. Crim. P. 16 discovery deadlines shall be governed by Local Criminal Rule 16.

9.    Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court **orders** the government to produce to the Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a Defendant's case if it either may help bolster the Defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the Defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if

ORDER SETTING PRETRIAL
DEADLINES AND TRIAL DATE - 3

1    it withholds evidence that is favorable to the defense and material to the defendant's guilt

2    or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v.*

3    *Cain*, 565 U.S. 73, 75 (2012)).

4        10.  The Court utilizes JERS (Jury Evidence Recording System) to allow evidence

5    admitted for a trial to be viewed electronically via touchscreen monitor in the jury

6    deliberation room upon the conclusion of the trial. Please note that the jury will receive a

7    verbatim copy of the JERS exhibit list. Review and follow the instructions on the public

8    website within the Courtroom Support information for attorneys.

9        11.  **The jury trial in this matter is scheduled for July 18, 2022 at the United**

10   **States Courthouse in Yakima, Washington. Counsel shall appear in court for a Final**

11   **Pretrial Conference at 8:30 a.m. on the first day of trial to address any pending**

12   **pretrial matters. Jury selection shall begin at 9:00 a.m.**

13       The District Court Executive is hereby directed to enter this Order and furnish

14   copies to counsel.

15       **DATED** this 18th day of May 2022.

16

17

18

19

20

21

22   

                  Stanley A. Bastian
            Chief United States District Judge

23

24

25

26

27

28

ORDER SETTING PRETRIAL
DEADLINES AND TRIAL DATE - 4