AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## May 20, 2022

SEAN F. MCAVOY, CLERK

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| ALBERTO PASTRANA | ) | Case No.    1:22-CR-02058-SAB-1 |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL
### ECF No. 6
### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:

**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

❒ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

  ❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☑ Weight of evidence against the defendant is strong
  ❒ Subject to lengthy period of incarceration if convicted
  ☑ Prior criminal history
  ☑ Participation in criminal activity while on probation, parole, or supervision
  ☑ History of violence or use of weapons
  ☑ History of alcohol or substance abuse
  ☑ Lack of stable employment
  ❒ Lack of stable residence
  ❒ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☑ Lack of significant community or family ties to this district
☑ Significant family or other ties outside the United States
❑ Lack of legal status in the United States
❑ Subject to removal or deportation after serving any period of incarceration
☑ Prior failure to appear in court as ordered
❑ Prior attempt(s) to evade law enforcement
❑ Use of alias(es) or false documents
❑ Background information unknown or unverified
☑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

  See addendum.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:             05/19/2022                              s/ Edward F. Shea
                                                      Senior United States District Judge

ADDENDUM

*United States v. Alberto Pastrana,* 1:22-CR-2058-SAB-1

Defendant is charged with felon in possession of firearms.  The United States proffered that Defendant had an outstanding state warrant at the time law enforcement was communicating with Defendant through Snapchat regarding a sale of firearms.  Law enforcement arranged a transaction and Defendant arrived at the location in a vehicle.  After directed where to park, Defendant left the location. Defendant's vehicle was stopped by law enforcement shortly thereafter.  A search of the vehicle revealed the firearms forming the basis of the offense, a 9 mm handgun and a .22 caliber rifle, plus 100 fentanyl pills.  According to the pretrial services report, one firearm was loaded with two rounds in the magazine and the other was not loaded.  The nature and circumstances of the offense are serious.  The firearms were recovered from a vehicle driven by the Defendant, who is prohibited from possessing firearms for multiple reasons, including his past assault convictions.  In addition, the presence of firearms and drugs is especially serious, particularly when one of the firearms is loaded.  Fentanyl is one of the leading causes of fatal overdoses in the community.  The nature and circumstances of the offense give the Court concern regarding potential danger to the community and a risk of nonappearance if Defendant were to be released.

While the weight of the evidence is the least important factor, it is sufficiently strong to give the Court concern as to both dangerousness and nonappearance.

Turning to his history and characteristics, Defendant is just 24 years old and was born in Yakima, Washington.  Defendant completed the sixth or seventh grade. Defendant has mostly resided in Yakima and Mexico throughout his life.  His parents and three siblings reside in Mexico.  Defendant is unmarried and has a child from a prior relationship with whom he has no contact.  Defendant has no documented work history.  Defendant reported he has worked "under the table" with his uncle doing construction and he would look for new work if released. Defendant proposes to reside with a cousin's wife and her two children, where he resided for just one month prior to his arrest.  He does not have a vehicle or driver's license and would rely on others for transportation.

Defendant's criminal history is indicative of both dangerousness and a risk of nonappearance.  Defendant has been arrested six times for domestic violence related assaults involving seven victims.  In 2021, Defendant was convicted of an assault on a health care worker.  While on supervision for that offense, Defendant was arrested five times, four of which were violent crimes.  He was subsequently convicted of: second-degree assault with a deadly weapon and harassment, which resulted in a 10-year no contact order protecting the victims from the Defendant;

Addendum Page 1

fourth-degree assault domestic violence involving a different victim; and three counts of second degree possession of stolen property. Defendant is alleged to have committed the instant offense just three months after his release from custody and one month after his release from a half-way house. Defendant has a history of committing new crimes while other charges are pending. Defendant's criminal history reveals a pattern of consistent and serious contacts with law enforcement that gives the Court concerns that Defendant would not comply with any conditions imposed and could pose a danger to the community if released.

Defendant also appears to have an untreated substance abuse addiction. Prior to his arrest, Defendant violated his state supervision by using methamphetamine and cocaine on numerous occasions, failing to obtain a substance abuse evaluation, failing to report, and failing to enter substance abuse treatment. This is especially concerning given that young children reside at the proposed release address.

On balance, given the seriousness of the allegations, Defendant's violent criminal history, his demonstrated noncompliance while on supervision, and his substance abuse, the Court finds that no combination of conditions can be crafted to reasonably assure his continued appearance at court and the safety of the community.

Addendum Page 2